IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:06-HC-2208-D

| | | |
|---|---|---|
| JAMES HANNA KELLY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| STATE OF NORTH CAROLINA, | ) | |
| | ) | |
| Respondent. | ) | |

James Hanna Kelly ("petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The State of North Carolina ("respondent") moved for summary judgment. Petitioner responded. As explained below, respondent's motion for summary judgment is granted, and the petition for writ of habeas corpus is dismissed.

I.

On August 18, 2004, in the Johnston County Superior Court, petitioner was found guilty of possession with intent to sell and deliver cocaine, felony fleeing to elude arrest, and being a habitual felon. Resp't Mem. in Supp. of Mot. for Summ. J. Ex 1, at 89–90 [hereinafter "Resp't Mem"]. Petitioner was sentenced to 120-153 months imprisonment. Id.

Following his conviction, petitioner filed a timely notice of appeal to the North Carolina Court of Appeals. On January 3, 2006, the Court of Appeals issued an unpublished opinion finding no error. See State v. Kelly, 175 N.C. App. 421, 2006 WL 9574 (2006) (unpublished); Resp't Mem. Ex. 4. Petitioner then filed a pro se "Motion for a Reduce of Sentence" in the Johnston County Superior Court on March 29, 2006. Resp't Mem. Ex. 5. The motion was construed as a motion for appropriate relief ("MAR") and was denied on July 27, 2006. Id. Ex. 7. Petitioner next filed

a pro se motion for "Notice of Appeals" in the North Carolina Supreme Court which was denied on June 29, 2006. See State v. Kelly, 634 S.E.2d 890, 890–91 (N.C. 2006) (unpublished); Resp't Mem. Ex. 8.

On November 27, 2006, petitioner filed this habeas petition. Petitioner alleges that the trial court erroneously allowed the jury to view his criminal citations, that there were improper considerations used to determine his sentence and prior record level points, that the evidence was insufficient to support his conviction for possession with intent to sell and deliver cocaine, and that he received ineffective assistance of counsel. See generally Pet. On April 18, 2007, respondent filed a motion for summary judgment. Respondent argues that petitioner's claims are procedurally defaulted and lack merit. See generally Resp't Mem. Petitioner responded in opposition.

II.

The North Carolina Court of Appeals summarized the facts as follows:

Johnston County Sheriff's Deputy Brian Clifton ('Deputy Clifton') and Detective Jack Coats ('Detective Coats') were on patrol on 27 October 2003. Deputy Clifton worked in full uniform. Detective Coats wore a T-shirt marked 'sheriff' with his badge displayed. Both officers were riding in a marked patrol car equipped with blue lights and a siren. Deputy Clifton and Detective Coats were traveling South on McLamb Road towards the intersection with Woods Crossroads Road. As they approached the intersection, Deputy Clifton looked to his left and noticed a black BMW automobile traveling at a high rate of speed. The vehicle was 'gaining on a potato truck that was in front of it as it neared the intersection.' The BMW passed the potato truck near the intersection. Deputy Clifton turned right onto Woods Crossroads Road, activated his blue lights, and passed the potato truck in pursuit of the BMW. The patrol car reached a speed of approximately 100 miles per hour. The speed limit on Woods Crossroads Road is fifty-five miles per hour.

The BMW decelerated and made a right turn onto Jada Allen Road. As Deputy Clifton decelerated, a truck pulled in front of the patrol car from the right side of the road. Deputy Clifton activated his siren, passed the truck, and turned right onto Jada Allen Road. The patrol car was able to pull within one car length of the BMW on Jada Allen Road. Deputy Clifton was able to determine the driver was the only person located inside the vehicle. The patrol car reached a speed of approximately eighty miles per hour on Jada Allen Road.

2

The patrol car pursued the BMW as it turned onto Dakota Lane, a dirt path with mobile homes situated on both sides. At this time, Detective Coats recognized defendant as the driver. The BMW traveled over a speed bump at a high rate of speed, became airborne, and landed into a ditch on the side of the road. After the BMW hit the ditch, it became airborne again and traveled through the front yards of two mobile homes. The BMW traveled through two sets of barbed wire fencing before coming to a stop behind one of the mobile homes.

The driver of the BMW exited the car, looked back towards the patrol car, and proceeded to run. Deputy Clifton also recognized at this time defendant as the driver. Defendant stopped, turned around, and faced Deputy Clifton in a 'fighting stance.' Detective Coats approached defendant from behind and forced him onto the ground. Defendant continued to struggle and Deputy Clifton sprayed him once with pepper spray. At that point, defendant was handcuffed. Detective Coats performed a pat down of defendant's outer clothing and felt a 'large bulge' in his left coat pocket. Detective Coats removed a plastic bag containing a large amount of material which appeared to be crack cocaine from defendant's pocket. The material was later determined to be crack cocaine weighing 26.5 grams.

The jury found defendant guilty of possession of cocaine with intent to sell or deliver and felony fleeing to elude arrest. Defendant pled guilty to being an habitual felon. The trial court sentenced defendant within the presumptive range to an active term of imprisonment of 120 to 153 months.

Kelly, 175 N.C. App. 421, 2006 WL 9574, at *1–*2.

III.

Summary judgment is appropriate when, after reviewing the record taken as a whole, no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 247–48 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the non-moving party may not rest on the allegations or denials in its pleadings, Anderson, 477 U.S. at 248, but "must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quotation omitted & emphasis removed). A mere scintilla of evidence supporting the case is not enough. Anderson,

477 U.S. at 252. The court construes the evidence in the light most favorable to the non-moving party and draws all reasonable inferences in the non-movant's favor. Matsushita, 475 U.S. at 587–88.

The standard of review for a state inmate's habeas petition, where the claims have been adjudicated on the merits in state court, is set forth in 28 U.S.C. § 2254(d). Section 2254(d) states that habeas relief cannot be granted in cases where a state court considered a claim on its merits unless (1) the decision was contrary to or involved an unreasonable application of clearly established federal law as determined by the United States Supreme Court, or (2) the state court decision was based on an unreasonable determination of the facts in light of the evidence presented in state court. See 28 U.S.C. § 2254(d)(1)–(2). A state court decision is "contrary to" Supreme Court precedent if it either arrives at a "conclusion opposite to that reached by [the Supreme] Court on a question of law" or "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to" that of the Supreme Court. Williams v. Taylor, 529 U.S. 362, 405 (2000) (opinion of O'Conner, J. for the Court). A state court decision "involves an unreasonable application" of Supreme Court law "if the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case." Id. at 407. A state court decision also may apply Supreme Court law unreasonably if it extends existing Supreme Court precedent to a new context where it does not apply, or unreasonably refuses to extend existing precedent to a new context where it should apply. Id. Moreover,

> [section 2254(d)] does not require that a state court cite to federal law in order for a federal court to determine whether the state court's decision is an objectively reasonable one, nor does it require a federal habeas court to offer an independent opinion as to whether it believes, based upon its own reading of the controlling Supreme Court precedents, that the [petitioner's] constitutional rights were violated during the state court proceedings.

Bell v. Jarvis, 236 F.3d 149, 160 (4th Cir. 2000) (en banc). Further, the state court's factual determination is presumed correct, unless rebutted by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1).

IV.

A.

Petitioner contends the trial court erroneously allowed the jury to view petitioner's criminal citations that Deputy Clifton issued. Petitioner raised this claim on appeal. See Kelly, 175 N.C. App. 421, 2006 WL 9574, at *2. Respondent contends that petitioner's first ground is procedurally defaulted because he failed to properly present it to the North Carolina Supreme Court. See O'Sullivan v. Boerckel, 526 U.S. 838, 845–47 (1999).

Under the doctrine of procedural default, a federal court is precluded from reviewing the merits of any claim found to be procedurally barred by the state court on independent and adequate state grounds. See Daniels v. Lee, 316 F.3d 477, 487–88 (4th Cir. 2003). A state rule is "adequate" if it is firmly established and regularly and consistently applied by the state court. See Johnson v. Mississippi, 486 U.S. 578, 587 (1988); McCarver v. Lee, 221 F.3d 583, 588 (4th Cir. 2000). A state rule is "independent" if it does not depend upon a federal constitutional ruling. See, e.g., Ake v. Oklahoma, 470 U.S. 68, 74–75 (1985).

A federal habeas court may review a procedurally defaulted claim if the petitioner demonstrates cause and prejudice as a result of the alleged violation of federal law, or that the failure to consider the claim will result in a fundamental miscarriage of justice. See, e.g., Coleman v. Thompson, 501 U.S. 722, 750 (1991). To show cause, a petitioner must show something external prevented him from complying with the state procedural rule. Id. at 753. To show prejudice, a petitioner must show he was actually prejudiced as a result of the alleged violation of federal law.

5

See, e.g., United States v. Frady, 456 U.S. 152, 167–69 (1982).

> In considering this claim on direct appeal, the North Carolina Court of Appeals stated:
>
> Defendant failed to object to the admission of the two citations. We review for plain error. State v. Odom, 307 N.C. 655, 659, 300 S.E.2d 375, 378 (1983); N.C. R. App. P. 10(b)(2); N.C. R. App. P. 10(c)(4) (2005). Defendant argues the trial court's admission of the citations constitutes plain error. To award a new trial for plain error, the trial court's error must be 'so fundamental as to amount to a miscarriage of justice or which probably resulted in the jury reaching a different verdict than it otherwise would have reached.' State v. Bagley, 321 N.C. 201, 213, 362 S.E.2d 244, 251 (1987) (citations omitted), cert. denied, 485 U.S. 1036, 99 L.Ed.2d 912 (1988). 'At no time during the selection of the jury or during trial may any person read the indictment to the prospective jurors or to the jury.' N.C. Gen. Stat. § 15A-1221(b) (2003). The purpose of this rule is to protect jurors from being 'given a distorted view of the case through the stilted language of indictments and other pleadings.' State v. Leggett, 305 N.C. 213, 218, 287 S.E.2d 832, 836 (1982).

Kelly, 175 N.C. App. 421, 2006 WL 9574, at * 3. The North Carolina Court of Appeals noted that petitioner relied on State v. Jones, 157 N.C. App. 472, 579 S.E.2d 408 (2003), in which the court found no distinction between the potential for prejudice between the indictment and citation. Kelly, 175 N.C. App. 421, 2006 WL 9574, at *3. While finding the facts in Jones similar to those in Kelly, the North Carolina Court of Appeals observed that the Jones court "did not engage in a plain error analysis" and that Jones did not "automatically require reversal under plain error review." Id. The Kelly court held that the assignment of error was overruled because petitioner "failed to show the jury would have probably reached a different result absent the admission and publication of the citations." Id. (citation omitted).

The contemporaneous objection rule "regularly and consistently bars claims" in North Carolina courts. See, e.g., State v. Bell, 359 N.C. 1, 27–28, 603 S.E.2d 93, 111–12 (2004); State v. Garcia, 358 N.C. 382, 410–11, 597 S.E.2d 724, 745 (2004); State v. McNeil, 350 N.C. 657, 674–75, 518 S.E.2d 486, 497 (1999); State v. Daniels, 337 N.C. 243, 275–81 & n.1, 446 S.E.2d 298, 318–22 & n.1 (1994). Therefore, the contemporaneous objection rule is an independent and adequate basis

6

for procedural default. See Wainwright v. Sykes, 433 U.S. 72, 86–87 (1977). A state court's review of a claim for plain error to assess whether the trial was so infected with unfairness so that the resulting conviction constituted a denial of due process does not waive the procedural bar. See Daniels, 316 F.3d at 487.

Petitioner can overcome this procedural bar by showing cause for the default and prejudice resulting from the default. See, e.g., id. In ground four of his petition, petitioner claims that he received ineffective assistance of counsel because his attorney failed to object to the admission of the citations "that were introduce[d] into evidence and publish[ed] to the jury by the prosecutor so the jury receive[d] a distorted view [of the] case." Pet. 11. Petitioner raised this claim on direct appeal. Kelly, 175 N.C. App. 421, 2006 WL 9574, at *5.

Respondent argues that petitioner cannot assert a claim of ineffective assistance of counsel for trial counsel's failure to object at trial as cause to excuse his default of the contemporaneous objection claim. Respondent contends that the claim is procedurally defaulted because petitioner did not timely seek review from the North Carolina Supreme Court. See Resp't Mem. 24.

Petitioner raised the claim of ineffective assistance of counsel in his brief to the North Carolina Court of Appeals and it was addressed on the merits. See Kelly, 175 N.C. App. 421, 2006 WL 9574, at *5. Petitioner did not timely seek review to the North Carolina Supreme Court, see Pet. 3, and he did not raise the claim of ineffective assistance of counsel in the "Motion for A Reduce of Sentence" which the Superior Court construed as a motion for appropriate relief ("MAR"). See generally Resp't Mem. Exs. 5, 7.

Although ineffective assistance of counsel may constitute cause for procedural default, comity and federalism principles underlying the doctrine of exhaustion of state remedies require an ineffective assistance claim to be presented to the state courts. See Edwards v. Carpenter, 529 U.S.

446, 452–53 (2000); Murray v. Carrier, 477 U.S. 478, 488–89 (1986). The exhaustion requirement requires "state prisoners [to] give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan, 526 U.S. at 845. This principle includes filing petitions for discretionary review when the review is part of the ordinary appellate procedure in the State. See id. To "protect the integrity" of the federal habeas exhaustion rule, the court must also determine whether the petitioner has "properly" exhausted his state court remedies. Id. at 848; see also Woodford v. Ngo, 126 S. Ct. 2378, 2387 (2006). In Woodford the Court stated,

> [I]f state-court remedies are no longer available because the prisoner failed to comply with the deadline for seeking state-court review or taking an appeal, those remedies are technically exhausted, but exhaustion in this sense does not automatically entitle the habeas petitioner to litigate his or her claims in federal court. Instead, if the petitioner procedurally defaulted those claims, the prisoner generally is barred from asserting those claims in a federal habeas proceeding.

Id. (citations omitted). The rule requiring proper exhaustion is well established. See Coleman, 501 U.S. at 750; Wainwright, 433 U.S. at 86–87.

Under North Carolina's appellate process, "one complete round" includes direct appeal to the North Carolina Court of Appeals and the opportunity to petition to the North Carolina Supreme Court for discretionary review or filing a state post-conviction proceeding and petitioning the North Carolina Court of Appeals for a writ of certiorari. See N.C. Gen. Stat. § 7A-31; N.C. Gen. Stat. §15A-1422. If the person convicted of a crime in North Carolina has an unsuccessful appeal, that person then has 15 days to file an appeal or petition for discretionary review with the North Carolina Supreme Court. See N.C. R. App. P. 14 & 15. The failure to raise a claim on direct review results in it being procedurally defaulted. See N.C. Gen. Stat. § 15A-1419. The procedural default rule of section 15A-1419(a) and (b) is an adequate and independent state ground precluding habeas review. See Williams v. French, 146 F.3d 203, 209 (4th Cir. 1998).

Petitioner raised his ineffective assistance claim based on trial counsel's failure to contemporaneously object in his brief to the North Carolina Court of Appeals. He failed to timely present this claim to the North Carolina Supreme Court. Accordingly, this claim is procedurally barred and cannot excuse the default of the contemporaneous objection claim. Moreover, petitioner has neither demonstrated cause for the procedural default and prejudice, nor has he shown that the failure to consider the claim will result in a fundamental miscarriage of justice. See Coleman, 501 U.S. at 750.

B.

Petitioner next claims there were improper considerations in determining his sentence and prior record level points. Petitioner claims the state presented his "prior record level worksheet that included out-of-state convictions as evidence he was a record level IV for sentencing purposes," but "[t]he court fail[ed] to instruct the jury on the element that the prosecutor must prove beyond a reasonable doubt" that the document presented is "reliable." Pet. 7–8.

Respondent contends this claim is also procedurally defaulted. See Resp't Mem. 14. Petitioner raised this claim in the North Carolina Court of Appeals. See Kelly, 175 N.C. App. 421, 2006 WL 9574, at *2–*3. He failed to timely submit his challenge to the denial of his appeal to the North Carolina Supreme Court. See Pet. 3. Petitioner did raise this claim in his MAR, but the Johnston County Superior Court denied relief. See Resp't Mem. Exs. 5, 7.

In his MAR, petitioner complains of the prosecutor's alleged "malicious act to wrongfully, voluntarily and intentionally . . . use some misdemeanors from the state of Florida . . . to get [petitioner] a longer sentence." Resp't Mem. Ex. 5, at 1. In denying the MAR, the Superior Court stated in its "Findings of Fact and Conclusions of Law,"

(3) The issues which the Defendant raises in his Motion for Appropriate Relief

have previously been decided by the North Carolina Court of Appeals, and need not be considered here today.

(4) Nothing submitted by the Defendant demonstrates that claims procedurally barred by provisions of [N.C. Gen. Stat.] § 15A-1419(a) must be considered under the 'good cause' and 'fundamental miscarriage of justice' provisions of [N.C. Gen. Stat.] § 15A-1419(b).

(5) Additionally, after careful review of Defendant's proffers of evidence and applicable law, and matters of record, each one of the Defendant's claims is found to be without merit . . . .

It is further ORDERED that the Defendant's failure to assert any other grounds in his motion shall be subject to being treated in [the] future as a BAR to any other claims, assertions, petitions, or motions that he might hereafter file in this case, pursuant to [N.C. Gen. Stat.] § 15A-1419.

Resp't Ex. 7, at 3–4.

Given the state court's treatment, it appears that the argument concerning the prior record level points was procedurally barred under subsection 15A-1419(a)(2). Section 15A-1419(a)(2) allows the denial of the MAR where the "ground or issue underlying the motion was previously determined on the merits upon an appeal from the judgment . . . , unless since the time of such previous determination there has been a retroactively effective change in the law . . . ." N.C. Gen. Stat. § 15A-1419(a)(2). However, the Fourth Circuit has held that subsection 15A-1419(a)(2) is not a proper ground upon which to base a procedural default for purposes of federal habeas review. See Brown v. Lee, 319 F.3d 162, 170 n.2 (4th Cir. 2003). Therefore, the court will review the claim on the merits.

Under North Carolina law, "[t]he prior record level of a felony offender is determined by calculating the sum of the points assigned to each of the offender's prior convictions that the court . . . finds to have been proved in accordance with [the statute]." N.C. Gen. Stat. § 15A-1340.14(a). Whether evidence of prior record level was properly admitted under North Carolina law is an issue of state law. Therefore, this claim is not cognizable in federal habeas review. See 28 U.S.C. §

2254(a); Estelle v. McGuire, 502 U.S. 62, 67–68 (1991); Weeks v. Angelone, 176 F.3d 249, 262 (4th Cir. 1999). Moreover, the North Carolina Court of Appeals resolved this claim on the merits and there is no showing that the state court adjudication was "contrary to, or involved an unreasonable application of, clearly established Federal law," nor has it "resulted in a decision that [is] based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); Williams, 529 U.S. at 405. Therefore, this claim provides no basis to grant the petition.

C.

Petitioner claims that the evidence was insufficient to support his conviction for possession with intent to sell and deliver cocaine. Petitioner raised this claim on appeal to the North Carolina Court of Appeals. See Kelly, 175 N.C. App. 421, 2006 WL 9574, at *2. The North Carolina Court of Appeals held that "'[a] defendant in a criminal case may not assign as error the insufficiency of the evidence to prove the crime charged unless he moves to dismiss the action[.]'" Kelly, 175 N.C. App. 421, 2006 WL 9574, at *2 (quoting N.C. R. App. P. 10(b)(3) (2005); second alteration in original). The North Carolina Court of Appeals also declined to allow petitioner's plain error argument. Id. Petitioner did not timely file the claim with the North Carolina Supreme Court and did not raise the issue in his MAR. See Pet. 3; see generally Resp't Mem. Ex. 5.

Respondent asserts that this claim should be dismissed because the claim is procedurally defaulted. See Resp't Mem. 21. Because petitioner failed to timely present this claim to the North Carolina Supreme Court, the claim is procedurally defaulted. See O'Sullivan, 526 U.S. at 848. Therefore, the court is precluded from reviewing the claim unless petitioner can establish cause and prejudice or a fundamental miscarriage of justice. See Coleman, 501 U.S. at 750.

In the petition, petitioner argues that his attorney was ineffective for failing to "make a

11

motion to dismiss after all the evidence had been presented." Pet. 11. He failed, however, to address this issue in his response to the motion for summary judgment. See generally Pet'r's Resp. to Mot. for Summ. J. Even if petitioner argues ineffective assistance of trial counsel as cause for failing to make a motion to dismiss the case based on insufficient evidence, this claim is, itself, procedurally barred because he did not timely file it in the North Carolina Supreme Court. See Pet. 3; O'Sullivan, 526 U.S. at 848.

Even if petitioner had not defaulted on this claim, or if he now alleges that he has suffered a fundamental miscarriage of justice, his claim that there was insufficient evidence to support his conviction for possession of cocaine with the intent to sell or deliver lacks merit. He claims that the prosecution did not present "substantial evidence" on each "essential crime charged," and therefore failed to "sustain its burden of proof on any element." Pet. 9. When reviewing a claim of insufficient evidence, the court considers "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis removed); accord Roach v. Angelone, 176 F.3d 210, 218 (4th Cir. 1999).

Under North Carolina law, "to obtain a conviction of possession with intent to sell and deliver . . . , the State must prove (1) that defendant possessed a . . . controlled substance, and (2) that defendant intended to 'sell or deliver' the . . . controlled substance." State v. Williams, 164 N.C. App. 638, 644, 596 S.E.2d 313, 317 (2004); see N.C. Gen. Stat. § 90-95(a)(1). Intent to sell or deliver is rarely shown by direct evidence, but usually must be shown by circumstantial evidence from which the intent may be inferred. Cf. State v. Jackson, 145 N.C. App. 86, 90, 550 S.E.2d 225, 229 (2001).

At petitioner's trial, Georgia Anna Baxter, an agent with the North Carolina State Bureau of

Investigation who works in the crime lab, testified that the weight of the cocaine seized from petitioner was 21.4 grams. Tr. 151. Jack Coats, a narcotics detective with the Johnston County Sheriff's Office, who was involved in petitioner's arrest, testified that based on his training and experience, he is "familiar with the common habits and practices of persons who use and sell crack cocaine." Tr. 162. He further testified about discovering the plastic bag with crack cocaine in petitioner's pocket once he was apprehended. Tr. 180. Detective Coats also testified, when asked whether it was common for a person who is simply a cocaine user to have as much cocaine as that found on petitioner, that it is "more common for a person who sells crack cocaine to have this much . . . on him." Tr. 227. Based on the foregoing, there was sufficient evidence indicating that petitioner possessed with intent to sell and deliver cocaine. Viewing the evidence presented at trial in the light most favorable to the prosecution, the court concludes that a reasonable jury could have found defendant guilty beyond a reasonable doubt of possession with intent to sell or deliver crack cocaine. Therefore, this claim provides no basis to grant the petition.

D.

Next, petitioner contends that his trial counsel was ineffective. He makes the following statement in support of this claim:

> On October 27, 2003, Matthew Bailey testified that the police car that was behind defendant did not have his siren on or the blue lights. After Bailey's testimony defense rested. Counsel failed to make a motion to dismiss after all the evidence had been presented. Counsel also fail[ed] to object to the admission of the citation[s] that were introduce[d] into evidence and publish[ed] to the jury by the prosecutor so the jury receive[d] a distorted view [of the] case.

Pet. 11 (citations omitted).

Petitioner raised this claim on appeal. See Kelly, 175 N.C. App. 421, 2006 WL 9574, at *2. Relying on Strickland v. Washington, 466 U.S. 668, 687 (1984), the North Carolina Court of

13

Appeals concluded that "[d]efendant has failed to show how any of defense counsel's alleged failures prejudiced his defense." Kelly, 175 N.C. App. 421, 2006 WL 9574, at *5. As with his previous claims, petitioner procedurally defaulted this claim when he failed to timely present it to the North Carolina Supreme Court. See O'Sullivan, 526 U.S. at 848. Moreover, petitioner did not raise the issue of ineffective assistance of counsel in his MAR. See generally Resp't Mem. Exs. 5, 7.

In any event, based on the foregoing discussion of petitioner's other claims, petitioner has failed to show that his trial counsel was constitutionally ineffective, or that, but for counsel's alleged errors, the outcome of the case would have been different. See Strickland, 466 U.S. at 687. Therefore, the North Carolina Court of Appeals' adjudication of the issue is not an unreasonable application of, or contrary to, Supreme Court precedent. See 28 U.S.C. § 2254(d)(1). Accordingly, this claim provides no basis to grant the petition.

V.

For the reasons stated above, the court finds that petitioner fails to establish he is in custody in violation of the Constitution or the laws of the United States. Accordingly, respondent's motion for summary judgment [D.E. 7] is GRANTED, and the petition for writ of habeas corpus is DISMISSED.

SO ORDERED. This 29 day of January 2008.

JAMES C. DEVER III
United States District Judge